IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JONATHAN DEWA, on behalf of
Dillon Dewa on behalf of Nathan
Dewa, and REBECCA LAATE, on
behalf of their minor children on
behalf of Dillon Dewa on behalf of
Nathan Dewa,

      Plaintiffs,

vs.                                                      CIV 1:10-0766-JCH-GBW

SALVADOR ASEBEDO, individually
and in his official capacity, and
DEPARTMENT OF PUBLIC SAFETY
(New Mexico State Police) State of New
Mexico,

      Defendants.

**ORDER**

**THIS MATTER** is before the Court on Defendant Salvador Asebedo's "Motion to Stay Discovery Based on Qualified Immunity" ("Motion to Stay"). *Doc. 24.* For the reasons outlined below, the Court will grant the Motion to Stay.

**I.    PROCEDURAL HISTORY**

On August 17, 2010, Defendants removed this case to federal court. *Doc. 1.* In the Complaint giving rise to the removal, Plaintiffs assert claims against Defendants for violations of the Federal Civil Rights Act and the New Mexico Tort Claims Act. Pls.'

-1-

Compl. 4-7; *see* 42 U.S.C. § 1983; N.M. STAT. ANN. § 41-4-1, *et. seq.* (1978). Although both claims survive as to Defendant Salvador Asebedo ("Defendant Asebedo"), the parties stipulated to the dismissal of the first claim as to Defendant New Mexico Department of Public Safety. *Doc. 11.*

On February 7, 2011, Defendants filed their "Motion for Summary Judgment Based in Part on Qualified Immunity" ("MSJ"). *Doc. 19.* Defendant Asebedo raises the issue of qualified immunity in the MSJ. Thereafter, on February 24, 2011, Defendant Asebedo filed the instant Motion to Stay. *Doc. 24.* Plaintiffs' Response followed on March 24, 2011, and responsive pleading came to a conclusion with the filing of Defendant Asebedo's Reply ten days later. *Docs. 29, 32.*

## II.   STANDARD

"Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified

immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."). *Accord Jones v. City and County of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

### III. ANALYSIS

Defendant Asebedo premises his Motion to Stay on the theory that he "has asserted the defense of qualified immunity" in the MSJ, and as a result, he "is entitled by law to have discovery stayed pending the Court's resolution of his qualified immunity." *Doc. 24* at 1. Moreover, Defendant Asebedo contends that discovery should be stayed as to both the federal and state claims advanced by Plaintiffs. According to Defendant Asebedo, "[Plaintiffs'] claims are identical in terms of the material facts and the law," and "[t]hus, [he] is entitled to a stay of discovery as to both claims." *Doc. 32* at 2.

In response, Plaintiffs posit that they "should be allowed to proceed with full discovery on the state tort claim and to have limited discovery on the 42 U.S.C. § 1983

claim." *Doc. 29* at 3. Furthermore, Plaintiffs claim that Defendants have "present[ed] no authority as to why discovery should be stayed with regard to the New Mexico Tort Claims Act cause of action." *Id.* at 1.

Having reviewed the parties' pleadings, the Court finds that the instant case does not fall outside the general rule that a stay is appropriate. Fundamentally, both the federal and state allegations in this case arise from the same "unreasonable seizure." Pls.' Compl. 4-7. Most of the discovery conducted in connection with the state tort claim could later be relevant to the 1983 claim if it survived the qualified immunity defense. Consequently, if discovery proceeded on the state tort claim, Defendants would have to be constantly vigilant about how the discovery might impact the 1983 claim. Therefore, they would lose an important benefit of the qualified immunity defense. *See e.g. Iqbal*, 129 S. Ct. at 1953 ("It is quite likely that, when discovery as to other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position."). Thus, the Court finds a stay warranted as to both the federal and state claims.[1]

---

[1] Plaintiffs' do not argue that, notwithstanding Defendant Asebedo's qualified immunity motion, they should be permitted to conduct discovery as to Defendant New Mexico Department of Public Safety. Of course, such an argument would be foreclosed by the Supreme Court's opinion in *Iqbal*, 129 S. Ct. at 1953.

## IV.  CONCLUSION

Pending the disposition of Defendants' MSJ, a stay of discovery is appropriate to preserve the benefits of the immunity defenses and minimize discovery costs.  This stay, however, will only remain pending a ruling on the MSJ.  If the dispositive motion is not granted as to all parties and claims, then the Court will revisit the course of discovery in this case. Furthermore, should Plaintiffs believe that some discovery on the issue of qualified immunity is necessary, they may file an affidavit pursuant to Federal Rule of Civil Procedure 56(d).[2]

Accordingly, **IT IS HEREBY ORDERED THAT:**

Defendant Asebedo's Motion to Stay *(Doc. 24)* is **GRANTED**.  Discovery as to all parties and as to all claims shall be stayed until the issue of qualified immunity is resolved.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]  It is noted, however, that Plaintiffs have already filed their Response to the MSJ without any such affidavit.